IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOE SABO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00090-O-BP |
| | § | |
| RICK J. WILSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

United States District Judge Reed O'Connor referred this civil action brought by Plaintiff *pro se* and *in forma pauperis* to the undersigned by order dated July 7, 2020. ECF No. 8. Before the Court is Plaintiff's Complaint filed on July 8, 2020. ECF No. 6. It appears to the Court that the Plaintiff has failed to allege any facts that would permit the Court to exercise subject-matter jurisdiction over the case. After considering the Complaint, noting Plaintiff's failure to respond to the District Court's Questionnaire to Plaintiff (ECF No. 11) and Show Cause Order (ECF No. 12), and considering applicable legal authorities, the undersigned recommends that Judge O'Connor **DISMISS** this case **without PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

**I.   BACKGROUND**

In his Complaint, Plaintiff alleges unspecified violations of law arising from wrongful eviction. Specifically, he asserts that he is "doing this for me & my fellow Tenants & for the ones that have a physical disability, mentally, terminal, & other disability's, & using an eviction notices for the sole purpose to remodel all said PROPERTY'S …." *See* ECF No. 6 at 1. On

January 25, 2021, the Court issued a Questionnaire to Plaintiff to gather further information that would be helpful to the Court in adjudicating the case. ECF No. 11. Plaintiff did not file any Answers as ordered or otherwise respond to the Questionnaire. Thereafter, the Court ordered the Plaintiff to file a response on or before April 16, 2021 containing a written statement of his position concerning the Court's Show Cause Order, complete with citations of authorities on which Plaintiff relied and enough facts to establish that this Court has subject-matter jurisdiction over this case. ECF No. 12. Plaintiff failed to respond to the Court's Order.

**II.     LEGAL STANDARDS**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate*

*Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Courts may issue questionnaires to *pro se* parties to gain a better understanding of their claims. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (court should not dismiss complaint without attempting to further develop *pro se* party's insufficient factual claims); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (questionnaire is appropriate vehicle for court to determine the facts underlying *pro se* plaintiff's complaint). Although the party's questionnaire answer does

not "constitute an independent pleading," it does become part of the "total filing" of the *pro se* party. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

### III.  ANALYSIS

Plaintiff has not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case. On the face of the complaint, there are no facts to establish whether the Court has federal-question jurisdiction under 28 U.S.C. § 1331. Nor has Plaintiff stated any facts to show that the parties are of diverse citizenship or that the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332. Because Plaintiff is proceeding *pro se*, the Court granted him an opportunity to address these concerns and explain the basis of the Court's subject-matter jurisdiction through a questionnaire and an order requiring him to show cause. *See* ECF Nos. 11 and 12.  The Court cautioned Plaintiff that failure to comply with its Show Cause Order might result in a recommendation that his case be dismissed for lack of jurisdiction. ECF No. 12 at 3. Plaintiff failed to provide an explanation of the jurisdictional basis of his complaint as ordered by the Court by answering the Questionnaire or responding to the Show Cause Order.

Because the Plaintiff has failed to allege sufficient facts to show that the Court has subject-matter jurisdiction in this case, Judge O'Connor should **DISMISS** the case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on April 26, 2021.

                                        Hal R. Ray, Jr.
                                        UNITED STATES MAGISTRATE JUDGE